IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv184-FDW
(3:01cr2-1)

| | |
|---|---|
| DAVIEYON DEVELLE HOPKINS, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____) _____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed April 14, 2011. (Doc. No. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b), 28 U.S.C.A. foll. § 2255. For the reasons stated herein, Petitioner's motion shall be dismissed as untimely.

## PROCEDURAL HISTORY

On January 8, 2001, Petitioner was charged in a 14 count bill of indictment with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1) (Count Four), using a firearm during and in relation to a drug trafficking offense resulting in death and aiding and abetting others, in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2 (Count Five), possession of a firearm by a felon, in

violation of 18 U.S.C. § 922(g)(1) (Counts Eight and Fourteen), and using a firearm during and in relation to a drug trafficking offense and aiding and abetting others, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Twelve). (Case No. 3:01cr2-1, Doc. No. 3.) On March 19, 2002, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Petitioner and the Court of Petitioner's state felony convictions that the Government intended to rely upon at sentencing. Id. at Doc. No. 95.

On August 21, 2002, Petitioner pled guilty pursuant to a plea agreement to Count One, conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Count Five, using a firearm during and in relation to a drug trafficking offense resulting in death and aiding and abetting others, in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2. Id. at Doc. No. 97. The Government agreed to dismiss all remaining counts. Id. The parties also agreed that the appropriate sentence for Petitioner was 30 years imprisonment. Id.

On April 17, 2002, a Presentence Investigation Report (hereinafter "PSR") was prepared. Id. at Doc. No. 162. It recommended an adjusted offense level of 40 and a criminal history category of IV. (Case No. 3:01cr2-1, Doc. No. 162 at ¶¶ 26, 39.) It noted that the statutory term of imprisonment for Count One was 10 years to life, pursuant to 21 U.S.C. § 841(b)(1(A), and the death penalty or imprisonment for any term of years up to life for Count Five, pursuant to 18 U.S.C. §§ 924(c)(1) and (j)(1). Id. at ¶ 61. The guideline range for imprisonment for each count was 360 months to life. Id. at ¶ 62. The Court, having accepted the plea agreement, sentenced Petitioner on October 15, 2002, to 240 months imprisonment for Count One and 120 months imprisonment for Count Five to run consecutively. Id. at Doc. No. 119.

Petitioner did not file a direct appeal. On April 14, 2011, he filed the instant motion to

vacate, contending that he is actually innocent of the recidivist provision of § 841(b)(1)(A) and that his sentence should be vacated in light of the Supreme Court's ruling in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577 (2010).

**DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate, which usually runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1).

Petitioner's conviction and sentence became final on or about November 13, 2002, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); Fed. R. App. P. 4(b)(1)(A) (2002). Consequently, the statute of limitations for filing a § 2255 Motion to Vacate expired on or about November 13, 2003. It appears, therefore, that Petitioner's Motion to Vacate is untimely under § 2255(f)(1).

Petitioner contends, however, that his motion is timely pursuant to § 2255(f)(3), which provides that the limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." § 2255(f)(3). Petitioner filed his motion to vacate within one year of the Supreme Court decision in Carachuri-Rosendo, which he contends should apply retroactively to his motion.[1]

---

[1] The Court is mindful of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) to warn a petitioner that his case is subject to dismissal prior to dismissing a petition as untimely filed. However, such warning is not necessary in this case. In his § 2255 motion, Petitioner explains why he believes the one-year statute of limitations contained in § 2255(f)(1) does not bar his motion. (Doc. No. 1.)

In Carachuri-Rosendo, the Supreme Court considered whether the defendant, who had been convicted of two misdemeanor drug offenses in state court, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. 130 S.Ct. at 2583. An "aggravated felony" for immigration law purposes includes a state drug offense that is punishable by a term of imprisonment for more than one year, even if that offense was classified as a misdemeanor under state law. Id. at 2581. The Supreme Court concluded that under the facts of Carachuri-Rosendo's case the Federal government was precluded from arguing that the second drug offense was an "aggravated felony" for immigration law purposes. Id. at 2589.

Petitioner was convicted in North Carolina state courts of two felony drug offenses.[2] The Federal Controlled Substances Act mandates that where a defendant has a prior conviction for a "felony drug offense" which has become final, the defendant shall be sentenced to a minimum of 20 years imprisonment. § 841(b)(1)(A) (2002). Where a defendant has two or more prior felony drug offense convictions, he shall be sentenced to a mandatory term of life imprisonment. Id. For purposes of the Controlled Substances Act, a "felony drug offense" is defined as an offense (involving certain substances) "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country[.]" 21 U.S.C. § 802(44) (2002). Under Fourth Circuit precedent, Petitioner's state felony convictions qualify as "felony" drug offenses under the Controlled Substances Act, even though Petitioner was not sentenced to more than one year in prison for either. United States v. Harp, 406 F.3d 242 (4th Cir. 2005); United States v.

---

[2]Petitioner was convicted on June 6, 1996, and again on October 11, 1999, for Possession with Intent to Sell or Deliver Cocaine, a Class H Felony. (Case No. 3:01cr2-1, Doc. No. 162: PSR at ¶¶ 29, 32). For each conviction, he was given a suspended sentence of less than 12 months imprisonment. Id.

4

Jones, 195 F.3d 205, 206 (4th Cir. 1999).[3] Petitioner argues that under Carachuri-Rosendo, his prior state drug convictions are not "felony" drug offenses and that it was error for this Court to sentence him to 20 years under the recidivist provision of § 841(b)(1)(A) for the drug conspiracy count.

Petitioner, however, was not sentenced under the recidivist provision of § 841(b)(1)(A). Petitioner was sentenced to 360 months imprisonment pursuant to his plea agreement with the Government. (Case No. 3:01cr02-1, Doc. No. 97 at ¶ 3.) Once the Court accepted Petitioner's guilty plea, the term of imprisonment agreed to between the parties was binding on the Court. Fed. R. Crim. P. 11(e)(1)(C). Therefore, it is irrelevant whether Petitioner's prior convictions qualify as felony drug offenses under Carachuri–Rosendo because he would have received a 360 month sentence regardless. In fact, the Court could have sentenced Petitioner to 120 months imprisonment for Count One and 240 months imprisonment for Count Five. Without the plea agreement, on the other hand, the Court could have sentenced Petitioner to life imprisonment, even without using the two state drug convictions to enhance his sentence under § 841(b)(1)(A). (Case No. 3:01cr02-1, Doc. No. 162 at ¶¶ 61 63.) Thus, even if Carachuri-Rosendo announced a new substantive rule that is retroactive on collateral review, that rule would not apply to Petitioner..

Petitioner's motion is untimely because it was filed more than one year after his

---

[3]The Supreme Court has vacated and remanded a number of Fourth Circuit cases relying on Jones and Harp for reconsideration in light of Carachuri-Rosendo. Summers v. United States, __ U.S. __, 131 S.Ct. 80, 2010 WL 1654043 (Oct. 4, 2010) (mem.); White v. United States, __ U.S. __, 131 S.Ct. 84, 2010 WL 1739323 (Oct. 4, 2010) (mem.); Blackwood v. United States, __ U.S. __, 131 S.Ct. 161, 2010 WL 2300581 (Oct. 4, 2010) (mem.); Watson v. United States, __ U.S. __, 130 S.Ct. 3455, No. 09-8003 (June 21, 2010) (mem.). However, until the Fourth Circuit issues a contrary ruling, those cases bind this Court. See e.g.; United States v. Simmons, 635 F.3d 140 (4th Cir. 2011), rehearing en banc granted (Mar 18, 2011).

judgment of conviction became final. § 2255(f)(1). It, therefore, must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: April 19, 2011

Frank D. Whitney
United States District Judge