# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case No: 3:01-CR-00002-001 |
| DAVIEYON DEVELLE HOPKINS | ) | USM No: 16525-058 |
| | ) | Joshua Carpenter |
| Date of Original Judgment:   10/15/2002 | ) | |
| Date of Previous Amended Judgment: _____ ) | | |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion (Doc. No. 238) is:

☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   N/A   months **is reduced to**   N/A   .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   10/15/2002   shall remain in effect.

**IT IS SO ORDERED**.

Frank D. Whitney
United States District Judge

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  DAVIEYON DEVELLE HOPKINS

CASE NUMBER:  3:01-CR-00002-001

DISTRICT:  WESTERN DISTRICT OF NORTH CAROLINA

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | |
|---|---|---|
| Previous Total Offense Level:  40 | Amended Total Offense Level:  40 |
| Criminal History Category:  IV | Criminal History Category:  IV |
| Previous Guideline Range:  360 to life | Amended Guideline Range:  360 to life |

## II.   SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

## III.   FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant does not qualify for relief because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the factors listed in Title 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a), the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant prior to granting a reduction in sentence. Defendant actively participated in two violent robberies in furtherance of the drug-trafficking conspiracy. Both involved the discharge of a firearm, and one resulted in a person's death. Defendant was young when he committed his offenses, but he had already sustained two drug convictions and was a member of a violent street gang that distributed crack cocaine and robbed other drug dealers. The extraordinarily violent nature of Defendant's offense conduct, combined with his criminal history, the need to protect the public, the need for deterrence, and the need to promote respect for the law, all weigh against reducing Defendant's sentence.

Additionally, defendant's record in the Bureau of Prisons weighs against — not in favor of — this Court's exercise of discretion to reduce his sentence. During his time in the Bureau of Prisons, Defendant has received 19 disciplinary citations, including two citations for fighting, four citations for using drugs or alcohol, and one citation for assault. In 2018 alone, Defendant received five disciplinary citations, four of which involved disrupting the prison's ability to monitor either his telephone use or mail. While Defendant has completed numerous work assignments and educational programs during his time in the Bureau of Prisons, his persistent misconduct demonstrates that he is not ready to abide by the law.

Therefore, Defendant does not qualify for relief because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the factors listed in 18 U.S.C. § 3553(a).