UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00002-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| DAVIEYON DEVELLE HOPKINS, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Davieyon D. Hopkins's ("Defendant") *pro se* Motion for Compassionate Release/Reduction of Sentence (Doc. No. 251). The Court ordered the Government to respond by May 19, 2021, (Doc. No. 252); however the Government has failed to do so. The motion is now ripe for review. For the reasons set forth below, Defendant's Motion is DENIED.

## I. Background

On March 21, 2002, Defendant plead guilty to Conspiracy to Possess Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 1") and Use of a Firearm in Relation to a Drug Trafficking Crime Resulting in Death and Aiding and Abetting Others in violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1) and 2 ("Count 2"). (Doc. No. 265, p. 1). Defendant and the Government agreed that the appropriate sentence was 30 years imprisonment, and the Court sentenced Defendant to an aggregate term of 360 months. (Doc. 251, p. 2). Defendant is currently imprisoned at FCI Edgefield, with an anticipated release date of July 17, 2028. Id.

1

Defendant's convictions stem largely from his involvement with a gang and a conspiracy to distribute at least fifty grams of crack cocaine alongside three other individuals. In September 1999, Defendant and three others bought two ounces of crack cocaine from a supplier. Defendant and his co-conspirators arrived at the supplier's location, armed, with the intent to rob him. One of the co-conspirators aimed his firearm at the supplier while Defendant robbed him. When Defendant and his co-conspirators turned to leave, the supplier fired at them. Defendant and his co-conspirators fired back and bullets from one of the co-conspirator's gun hit and killed the supplier. (Doc. No. 265, p. 5).

On March 2, 2021, Defendant filed a request for compassionate release to the warden. (Doc. No. 251, pp. 2, 13). Prior to receiving the warden's response, on May 11, 2021, Defendant submitted a motion to this Court, citing: (1) his steps toward rehabilitation, (2) his parents' heightened ages, and (3) his "sentence under 18 U.S.C. 924(c) and 841(B)(1)(A) [which] would lower his term of imprisonment under the First Step Act" as "compelling and extraordinary" reasons for compassionate release. (Doc. No. 251, p. 5).

Defendant is approximately forty-two years old and has served approximately 254 months at FCI Edgefield. Though Defendant contends he has not received any disciplinary infractions in the last three years, he has a disciplinary record that includes various infractions spanning back to 2006. While incarcerated, Defendant has earned his G.E.D. and has taken courses in nutrition, parenting, and law library training. (Doc. No. 238-1). He has completed programs related to drug education, finance, and adult development. He has also held various jobs as an orderly and in food service. Id. If released, Defendant plans to reside with his parents during which time he plans to work at his father's business. (Doc. No. 251, p. 8).

2

Case 3:01-cr-00002-FDW   Document 282   Filed 07/18/22   Page 2 of 9

## II. Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant has completed approximately seventy-one percent of his federal sentence for a violent crime and petitions this court for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking a sentence reduction. (Doc. No. 251). Generally, federal courts "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c))."' Section 3582(c)(1)(A) was amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, allowing defendants to seek such reductions "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such request." 18 U.S.C. §(c)(1)(A)(i).

Therefore, in order to grant compassionate release, this Court must: 1) determine whether extraordinary and compelling reasons warrant such a reduction; 2) determine whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and 3) consider the factors set forth in §3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 20220), United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020), United States v. Kibble, 992 F.3d 326, 330 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021) (per curiam) (noting the district court's consideration of § 3553(a) factors should be "consistent with the applicable policy statements issued by the Sentencing Commission." (internal quotations omitted)). As the Sentencing Commission has lacked quorum since Congress enacted the First Step Act, and thereby has not updated U.S.S.G. § 1B1.13, the Guidelines "remain helpful guidance even when motions are filed

3

by defendants."[1] McCoy, 981 F.3d at 282 n.7. Nonetheless, the Court should independently determine whether extraordinary and compelling reasons warrant a sentence reduction following consideration of § 3553(a) sentencing factors "to the extent that they are applicable." Hargrove, 30 F.4th at 195; see also McCoy, 981 F.3d at 284 (stating that 'district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (citing United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020); emphasis in the original)). In arriving at a decision in this matter, the Court need not acknowledge and address each of defendant's arguments, as there are instances where minimal explanation suffices." High, 997 F.3d at 189 (internal quotations omitted); see also Chavez-Meza v. United States, 138 S. Ct. 1959, 1965 (2018). The Court will examine each of these procedural steps in turn.

### A. Exhaustion of Administrative Remedies

On March 2, 2021, Defendant made a request to the warden for compassionate release. (Doc. No. 251, p. 3). Here, the record is unclear as to whether Defendant exhausted his administrative remedies. Although the request to the warden appears in the record, Defendant did not update the record in this case to provide the warden's decision. Nevertheless, given the duration for which this motion has been pending and the fact the Government has not responded to raise an objection to the exhaustion requirement, the Court will presume without deciding that the administrative exhaustion requirement is satisfied. The Court thus turns its analysis to whether

---

[1] The Fourth Circuit has recognized that [by] its plain terms . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)" because the policy statement was adopted prior to the passage of the First Step Act, which only provided guidance for BOP-filed motions. McCoy, 981 F.3d at 282.

4

extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

### B. "First Step Act" Argument

In his motion, Defendant states he was "sentenced under 18 U.S.C. 924(c) and 841(B)(1)(A) to a prison term of 360 [months] where the First Step Act today would lower [his] term of imprisonment." (Doc. No. 251, p. 5). Defendant fails to provide any further argument or identify upon which provision of the "First Step Act" he relies to support this assertion. To the extent Defendant contends his sentence for Count 1 and Count 2 as received would be lower today because of intervening changes in law, Defendant has failed to articulate a sufficient basis for this argument.

Notably, as to Count 1, the Court has already denied Defendant's previous motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (Doc. No. 253). Although Defendant was eligible for relief under Section 404(b) of the First Step Act, the Court declined to reduce his sentence after assessing the 18 U.S.C. § 3553(a) factors. The Fourth Circuit Court of Appeals affirmed this ruling. United States v. Hopkins, No. 21-6895, 2022 WL 1552132, at *1 (4th Cir. May 17, 2022)

As to Count 2, in United States v. McCoy, 981 F.3d 271, 285-86 (4th Cir. 2020), the Fourth Circuit held that the district court *may* treat "the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act" as "extraordinary and compelling reasons" for compassionate release. The McCoy court acknowledged that Congress did not make the changes to the stacking rules retroactively applicable and thus does not "mandate more lenient sentences across the board," but "instead gives

5

new discretion to the courts to consider leniency." Id. at 288 (emphasis added) (citation omitted). Without *any* argument from Defendant as to the severity of his sentence or the extent of the disparity if he were to be sentenced today, he has failed to carry his burden in showing an extraordinary and compelling ground for release.

### C. Other Extraordinary and Compelling Reasons

Defendant largely relies on his steps toward rehabilitation as extraordinary and compelling reasons to grant Compassionate Release. While 18 U.S.C. § 3582(c)(1)(A)(i) fails to define what qualifies as extraordinary and compelling reasons, the Sentencing Commission provides persuasive guidance. USSG § 1B1.13.[2] The Guidelines note various considerations that may justify a sentence reduction, including if Defendant is suffering from a serious medical condition, is at an advanced age, has certain family circumstances, and other reasons as determined by the Director of the BOP; however, "rehabilitation, by itself, is not an extraordinary and compelling reason for a reduction." U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). The Court has considered Defendant's arguments and concludes his steps toward rehabilitation fail to rise to the level of extraordinary and compelling reasons to support a sentence reduction. See United States v. Davis, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) (recognizing that in reviewing a compassionate release motion, "The only limitation

---

[2] The Guidelines delineate subdivision (2)— "the defendant is not a danger to the safety of any other person or to the community"— as a prerequisite for the Court imposing a sentence reduction based on the applicable policy statements and commentary. However, § 3582(c)(1)(A) only requires this dangerousness finding when making a determination pursuant to subsection (ii). Nonetheless, as McCoy instructs, the gap in revisions to the Guidelines following the enactment of the First Step Act "remains helpful guidance," however, they are not binding. 981 F.3d at 282 n.7; see also United States v. Gunn, F.3d 1178, 1180 (7th Cir. 2020) (stating "the Sentencing Commission's statements may inform a district court's discretion for compassionate release motions, but they are not binding.") (cleaned up).

6

Case 3:01-cr-00002-FDW   Document 282   Filed 07/18/22   Page 6 of 9

[on the district court] is the statutory prohibition that rehabilitation alone cannot constitute an extraordinary and compelling reason for release." (citing 28 U.S.C. § 994(t)).

Additionally, Defendant fails to cite any other extraordinary or compelling reason warranting compassionate release. In his motion, he specifically checks "no" for questions pertaining to advanced age, ailments or serious medical conditions, and having served thirty years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c). (Doc. No. 251). Though Defendant cites his parents' advancing age and his need to care for them, Defendant fails to include any factual support as to whether his parents are incapacitated or whether he is the only possible caregiver for them. United States v. Allen, Crim. No. NKM-13-0024, 2021 WL 3025458, at *3 (W.D. Va. July 16, 2021) (citing United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019)) ("Some courts have found extraordinary and compelling grounds for compassionate release if a defendant demonstrates that (1) a parent is incapacitated and (2) the defendant is the only possible caregiver for that parent."). Because Defendant has not demonstrated extraordinary and compelling reasons to reduce his sentence, denial of the motion is appropriate.

### D. 18 U.S.C. § 3553(a) Factors

Even presuming Defendant has sufficiently met his burden of establishing an "extraordinary and compelling circumstance" for a sentence reduction, consideration of the applicable § 3553(a) factors weigh against any reduction in Defendant's sentence. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that

they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).")

In reconsidering all the § 3553(a) sentencing factors applicable here, the Court highlights a few, including the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need for the sentence to provide just punishment, afford adequate deterrence, provide Defendant with needed medical care, and protect the public.

Defendant participated in two violent robberies in furtherance of a drug trafficking conspiracy. Both involved the discharging of a firearm, and one resulted in an individual's death. Defendant also has two prior convictions involving drugs. The extraordinarily violent nature of Defendant's offense conduct, combined with his criminal history, the need to protect the public, the need for deterrence, and the need to promote respect for the law, all weigh against reducing Defendant's sentence.

As for rehabilitative efforts during his time of incarceration, Defendant has earned his G.E.D.; taken courses in nutrition, parenting, and law library training; and has completed programs related to drug education, finance, and adult development. He has also held various jobs as an orderly and in food service. The Court commends Defendant on his significant steps toward rehabilitation. However, as this Court previously explained:

> [D]efendant's record in the Bureau of Prisons weighs against — not in favor of — this Court's exercise of discretion to reduce his sentence. During his time in the Bureau of Prisons, Defendant has received 19 disciplinary citations, including two citations for fighting, four citations for using drugs or alcohol, and one citation for assault. In 2018 alone, Defendant received five disciplinary citations, four of which involved disrupting the prison's ability to monitor either his telephone use or mail. While Defendant has completed numerous work assignments and educational programs during his time in the Bureau of Prisons, his persistent misconduct demonstrates that he is not ready to abide by the law.

(Doc. No. 253, p. 2). Defendant's rehabilitation—though commendable—is insufficient to warrant a sentence reduction given the other § 3553(a) factors. See Pepper v. United States, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors.").

In sum, even if Defendant had represented an "extraordinary and compelling reason" to reduce his term of imprisonment, the Court's consideration of the applicable § 3553(a) factors counsel against such modification in this case. The Court denies Defendant's Motion for Compassionate Release (Doc. No. 251).

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release/Reduced Sentence (Doc. No. 251) is DENIED.

IT IS SO ORDERED.

Signed: July 18, 2022

Frank D. Whitney
United States District Judge