UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00002-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DAVIEYON DEVELLE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's "Renewed Motion for a Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 and the Decision in Concepcion v. United States," (Doc. No. 283), and Defendant's "Motion for Leave to Reply to Government's Response to his Section 2255 Motion . . .," (Doc. No. 290).

As an initial matter, the Court construes the later motion as a motion for extension of time to file a reply to the Government's response to his Renewed Motion for a Reduction of Sentence— and not a "Section 2255 Motion"—since no Section 2255 motion is currently pending in this case. The Court will grant the motion for leave to file a reply brief to the pending motion and deems the brief filed by Defendant on February 9, 2023, (Doc. No. 291), as TIMELY.

As to the renewed motion for a reduction of sentence, the Court has already denied Defendant's previous motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (Doc. No. 253). Although Defendant was eligible for relief under Section 404(b) of the First Step Act, the Court declined to reduce his sentence after assessing the 18 U.S.C. § 3553(a) factors. The Fourth Circuit

1

Court of Appeals affirmed this ruling. United States v. Hopkins, No. 21-6895, 2022 WL 1552132, at *1 (4th Cir. May 17, 2022).[1]

Section 404(c) of the First Step Act provides:

No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act [] or if a previous motion made under this section to reduce the sentence was, after the date of enactment, denied a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act, Pub. L. No. 115-391, 132 Stat. at 5222 (2018). Defendant appears to argue Concepcion v. United States, 142 S.Ct. 2389 (2022), modified or eliminated the provision in § 404(c) that prohibits successive motions. However, his arguments are misplaced. Concepcion clearly recognizes that "§ 404(c)[] places two explicit limitations on available relief," including when "previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Id. at 2401. This Court has denied Defendant's previous motion under this section after a complete review on the merits, and the Fourth Circuit affirmed that decision.

For these reasons, as well as those stated in the Court's previous ruling, (Doc. No. 253), the Court denies Defendant's Renewed Motion for a sentence reduction under § 404(b) of the First Step Act, (Doc. No. 289).

---

[1] In addition, the Court has also denied Defendant's previous motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 283). Defendant did not appeal that motion, and the time for doing so has long expired.

IT IS THEREFORE ORDERED that Defendant's Motion for Leave to Reply, (Doc. No. 290), is GRANTED, and Defendant's Renewed Motion for a Reduction of Sentence, (Doc. No. 283), is DENIED.

IT IS SO ORDERED.

Signed: March 29, 2023

Frank D. Whitney
United States District Judge